UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRAYON WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:23-CV-00042 SRW |
| RILEY MERDINIAN, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Brayon Williams, to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court will grant the application and waive the filing fee. For the reasons discussed below, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## Background

Plaintiff Brayon Williams was recently paroled from the Northeast Correctional Center in Bowling Green, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. This is one of five actions plaintiff has filed in this Court alleging violations of his civil rights related to his arrests and criminal prosecutions in the Missouri state courts over the course of two years.[1]

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against Riley Merdinian, an officer at the Kirksville Police Department, alleging violations of plaintiff's constitutional rights arising out of an arrest on February 29, 2020. Plaintiff sues defendant in his individual capacity only.

Plaintiff alleges in full: "I was subjected to an invasion of privacy while enjoying my rights by Riley Merdinian whom was assisted by Ashley Davis." These facts are a pared-down version of those he has pled in his several prior cases, which have been dismissed for failure to state a claim upon which relief may be granted or for failure to comply with a court order. *See Williams v. Merdinian, et al.*, No. 2:22-cv-0061-AGF (E.D. Mo. filed Oct. 13, 2022) (ECF No. 3 at 3-5.)

Plaintiff's claims are entirely conclusory. He states that defendant invaded his privacy, but provides no factual support for this conclusion. The Court "is free to ignore legal conclusions,

---

[1] A lengthy summary of plaintiff's four prior cases brought in this Court is provided in *Williams v. Merdinian, et al.*, No. 2:22-cv-0061-AGF (ECF No. 3 at 3-5).

unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). To state a plausible cause of action, "[a] pleading that merely pleads . . . naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

Plaintiff has pled no facts from which the Court could find a claim to relief that is plausible on its face. Because plaintiff has brought this case four times already and has consistently failed to plead a claim that passed initial review under § 1915(e)(2)(B), the Court will dismiss this action without granting leave to amend. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED** and the filing fee is waived. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**.

An Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of July, 2023.